# CHARLES E. KOONS v. ST. LOUIS CAR COMPANY, Appellant.

### Division Two, April 2, 1907.

1. **SUIT ON CONTRACT: Recovery on Another.** Where plaintiff sues on a special contract he must recover on that contract or not at all. Plaintiff alleged that defendant employed him to do certain painting at certain prices, he to furnish all the materials, and that he agreed to take all the materials defendant had on hand at the time he began the work at their reasonable market value, and defendant agreed to take back at their reasonable market value all the materials he had on hand at the time his employment ceased, and the petition is silent as to whether the contract was written or oral, but to prove his case he offered in evidence a written contract which contained no reference to the purchase of materials either at the beginning or completion of the work. *Held*, that, having elected to stand on the written contract, he cannot recover on a contract, part of which was written and part oral.

2. ———: **Part Oral and Part Written.** Plaintiff contends that the original contract was verbal and entire and a part only was reduced to writing, and for that reason the rule that parol contemporaneous evidence cannot be introduced to vary the terms of the written instrument does not apply. *Held*, that the contention cannot be upheld in this case, for three reasons: *first*, such a contract must be pleaded, which was not done; *second*, the rule never applies except where the part of the contract which is reduced to writing shows upon its face that it is incomplete and that it does not purport to be a complete expression of the agreement; and, *third*, the plaintiff repeatedly stated in his testimony that the verbal contract was not made until after the written contract was executed.

3. ———: **Alteration.** A material alteration by plaintiff of his copy of the written contract made in duplicate nullified the contract, and the whole contract is void when suit is instituted on the altered part.

4. ———: ———: **Validity Admitted in Answer: Knowledge.** An admission in the answer made upon a misapprehension of the facts is not admissible in evidence to make out plaintiff's case. An admission of the validity of the contract sued on, without knowledge that it had been altered, does not breathe new life into the contract rendered void by the alteration, and does not constitute an admission of the facts stated in the petition.

5. ——: ——: **Fraudulent Intent.** A material alteration of a written contract, even though done with no fraudulent intent, but in good faith in order to make it conform to the real agreement between the parties, nullifies the contract.

6. ——: **Modified by Parol: Pleading.** Parties to a written contract may by a subsequent oral agreement upon a sufficient consideration change or modify it; but plaintiff cannot plead the original contract and recover on the modified contract. In a suit based upon the modified contract, that contract must be distinctly pleaded. It is not competent by general allegations in the petition to blend the provisions of the written and parol contracts as if the suit were based on one written contract.

7. ——: **Quantum Meruit.** A suit which is clearly one on contract, as shown by both the petition and evidence, cannot be considered one of *quantum meruit.*

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED.

*Lehmann & Lehmann* and *Joseph W. Jamison* for appellant.

(1) Plaintiff sued on a special contract and he must recover upon the contract or not at all. This is the rule although the evidence develops a cause of action for money had and received or a *quantum meruit* for work and labor done and services performed, or some other good cause of action. In such case evidence of the reasonable value of the services performed should be excluded. Cole v. Armour, 154 Mo. 333. And plaintiff cannot sue upon one cause of action and recover upon another. Clements v. Yeats, 69 Mo. 623; Smith v. Shell, 82 Mo. 215; Feurth v. Anderson, 87 Mo. 354; Whippell v. B. & L. Assn., 55 Mo. App. 554. (2) The change made by plaintiff on the face of his contract was a nullifying alteration. Kelly v. Thuey, 143 Mo. 422; Bank v. Umrath, 42 Mo. App. 529; Hord v. Taubman, 79 Mo. 101; Evans v. Forman, 60 Mo. 449; Bank v. Armstrong, 62 Mo. 59; Bank v. Dunn, 62 Mo.

79. (3) Where, as in the present case, a contract is signed in duplicate, each of the parties retaining a copy, and one of the parties without the knowledge or consent of the other changes by alteration and then brings suit on the copy retained by him, defendant may defeat a recovery by the defense of *non est factum;* and this is true although defendant offers his unaltered duplicate in evidence. Mfg. Co. v. Hudson, 113 Mo. App. 344. (4) The writing being complete on its face, parol evidence was inadmissible to contradict or vary its terms. Parker v. Vanhoozer, 142 Mo. 627; McClurg v. Whitney, 82 Mo. App. 625; Local Con. Co. v. Tie Co., 185 Mo. 25; Harrington v. Brocman Com. Co., 107 Mo. App. 418; Howard v. Scott, 98 Mo. App. 509; Tufts v. Morris, 87 Mo. App. 98; Newbury v. Durand, 87 Mo. App. 290. (5) Parol evidence was inadmissible for the purpose of incorporating into the written instrument any alleged contemporaneous agreement. Walker v. Engler, 30 Mo. 130; Tracey v. Union Iron Works, 104 Mo. 193; Savings Bank v. Cushman, 66 Mo. App. 102; Loan & Trust Co. v. Whitman, 71 Mo. App. 275. (6) Where one seeks to enforce a contract, whether in writing or resting in parol, which has been modified by a subsequent agreement, he must declare upon the agreement as modified. Hennings v. Ins. Co., 47 Mo. 425; Lanitz v. King, 93 Mo. 513. The proper pleading in such case is to declare on the contract by setting out the agreement as first made and then the modification, since each is a substantive fact. Harrison v. Railroad, 50 Mo. App. 332; Halpin v. School Dist., 54 Mo. App. 371; Ebers v. Schumacher, 57 Mo. App. 451. (7) Plaintiff identified his altered duplicate as being the contract declared upon in his petition. His counsel offered the whole of the contract in evidence and thereby claimed under the alterations which plaintiff had fraudulently interlined therein. Plaintiff was bound by this offer, and by claiming

rights by virtue of the alterations he avoided the contract. Bank v. Fricke, 75 Mo. 178; Bank v. Umrath, 42 Mo. App. 529. Where counsel state or admit facts, the existence of which precludes a recovery by their clients, the court may close the case at once and give judgment against their clients. Pratt v. Conway, 148 Mo. 291; Fillingham v. Railroad, 102 Mo. App. 573; Walsh v. Railroad, 102 Mo. 588; Butler v. National Home, 144 U. S. 65; State v. O'Neill, 151 Mo. 67. (8) Admissions or declarations made in ignorance of or under a misapprehension of the true facts do not estop the person making them from asserting the truth. Stagel v. Bldg. Co., 81 Mo. App. 620; Nichols v. Jones, 32 Mo. App. 657. As shown both by rulings made throughout the trial and the findings, great importance was attached by the referee to the admission found in the pleadings to the effect that defendant had employed plaintiff as was alleged in plaintiff's petition.

*Lyon & Swarts* for respondent.

(1) The admission in defendant's original answer, "that the plaintiff was employed by defendant as alleged in his petition," was sufficient to dispense with the necessity, otherwise, of offering any other proof of the contract. Drug Co. v. Bybee, 179 Mo. 366; Walser v. Wear, 141 Mo. 463; Cross v. Railroad, 141 Mo. 144; Spurlock v. Railroad, 125 Mo. 407; Schad v. Sharp, 95 Mo. 576; Price v. Clevenger, 99 Mo. App. 540; Mahan v. Brinnell, 94 Mo. App. 171; Bushnell v. Ins. Co., 91 Mo. App. 528. Defendant's amended answer in no wise lessened the effect of defendant's admission in its original answer, and amounted to nothing more or less than a general denial. Meyer v. Broadwell, 83 Mo. 574. (2) The original contract was verbal and a part only was reduced to writing. Parol evidence was, therefore, admissible to show any dis-

tinct collateral agreement, independent of, and not varying, the written agreement. Parol evidence is also admissible where the writing itself is subsequently varied by a parol agreement. Roe v. Bank, 167 Mo. 427; State v. Cunningham, 154 Mo. 172; Greening v. Steele, 122 Mo. 294; Lumber Co. v. Warner, 93 Mo. 384; Brown v. Bowen, 90 Mo. 189; Ellis v. Bray, 79 Mo. 238; O'Neil v. Crain, 67 Mo. 251; Life Assn. v. Cravens, 60 Mo. 390; Van Studdiford v. Hazlett, 56 Mo. 324; Letcher v. Letcher, 50 Mo. 138. (a) Plaintiff's petition does not charge that the contract of employment was in writing, and in view of defendant's insistence that unauthorized alterations by plaintiff in his duplicate of the written portion of the contract entirely vitiated such duplicate and in fact the whole of the written evidence of any portion of the contract, then on such theory of the case the entire agreement must be deemed to be thrown into parol. Boyd v. Camp, 31 Mo. 165. (b) Inasmuch as certain omissions in the written portion of the agreement were conceded to exist by defendant before plaintiff began his employment and the supplying of these omissions was demanded by plaintiff and acceded to by defendant before plaintiff began his employment, parol evidence of what the employment actually was in its entirety was admissible. Warren v. Mfg. Co., 161 Mo. 121; State v. Cunningham, 154 Mo. 172. (3) Defendant's unaltered duplicate of the written portion of the agreement was admissible in evidence, even though the referee was justified in excluding, upon defendant's objection, plaintiff's altered duplicate. Jones v. Hoard, 59 Ark. 46; Young v. Cohen, 42 S. C. 328. Defendant is bound, however, by its voluntary introduction of its unaltered duplicate in evidence in its cross-examination of plaintiff. Dice v. Hamilton, 178 Mo. 90. Defendant is also bound by the testimony elicited by it with reference to the alterations made in plaintiff's

duplicate, whereby what are erroneously termed "modifications" of the written portion of the agreement were shown to be merely intended to supply conceded omissions therein. Sutter v. Raeder, 149 Mo. 309; Railroad v. Plate, 92 Mo. 635. (4) If, under the cases below cited, the petition in this case may be held to be a petition on *quantum meruit*, then all objections of defendant to the recovery herein are of no avail. Warder v. Seitz, 157 Mo. 149; Glover v. Henderson, 120 Mo. 376. (5) The judgment is for the right party, on whatever theory or from whatever viewpoint the case may be looked at, and it will not, therefore, be disturbed. Redman v. Adams, 165 Mo. 70.

FOX, P. J.—This is an action upon contract, seeking to recover the contract price for painting cars, lettering signs, and the value of a certain stock of paints, oils, varnishes and painters' tools, done and furnished by plaintiff for the defendant. The suit was brought in the circuit court of the city of St. Louis, and the amount claimed was $7,370.02, with six per cent interest from January 1, 1899.

The main questions involved regard the pleadings and the admissibility of the evidence thereunder, and, in order to properly understand those questions, it will be necessary to set out the pleadings. Omitting the formal parts, the petition is as follows:

"The plaintiff states that at all the times hereinafter mentioned the defendant was, and still is, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri and having its principal office and place of business in the city of St. Louis, in the State of Missouri.

"For his cause of action herein the plaintiff states that heretofore, to-wit, on or about the 21st day of January, 1898, he was employed by the defendant to paint cars for the defendant and to do such other paint-

ing as he might from time to time be ordered and directed by the defendant to do. That the defendant agreed to pay the plaintiff for said work as follows: Four dollars and fifty cents per running foot, measuring over corner posts, for painting standard cars with open dashes, whether trail or motor car; four dollars and seventy-five cents per running foot, measuring over corner posts, for painting standard closed cars with open cab at each end; five dollars per running foot, measuring over corner posts, for painting cars with steam coach roof and closed cab at each end; three dollars per running foot, measuring over corner posts, for painting open cars of all styles; the reasonable value of painting and lettering signs; also one dollar and fifty cents per car for furnishing the necessary tools for doing the aforesaid work; also the reasonable value of all other painting which the defendant might order and direct the plaintiff to do; the plaintiff agreeing to furnish all material necessary to do the work of painting cars as aforesaid.

"That it was further agreed between the plaintiff and the defendant that the plaintiff should furnish the car builders of the defendant with lead and oil, for car building purposes only, and that the defendant agreed and promised to pay the plaintiff the reasonable cost price thereof. That it was further agreed between the plaintiff and the defendant that the stock of paints and paint materials and miscellaneous painters' tools, owned by the defendant and on hand at the time the plaintiff begins his said employment with the defendant, should be turned over to the plaintiff as his property and charged against the plaintiff at the reasonable market value thereof, and that at the termination of the plaintiff's said employment with the defendant, the stock of paints and paint materials and miscellaneous painters' tools, then on hand and owned by the plaintiff, should be turned over to the defendant as

its property and be credited in favor of the plaintiff against the defendant on account of the plaintiff's said employment at the then reasonable market value thereof. The plaintiff further states that in pursuance of the terms of his said employment by the defendant, the plaintiff did, between the 3d day of February, 1898, and the 31st day of December, 1898, both inclusive, paint cars for the defendant, paint and letter signs for the defendant, perform other painting work at the special instance and request of the defendant, furnish the necessary tools for doing the aforesaid work, furnish all material necessary to do said work, and furnish the defendant's car builders with lead and oil for car building purposes, all of which is more particularly set forth in the statement of account herewith filed and marked "Exhibit A," in which said statement of account are also set forth the prices charged as agreed upon as aforesaid, all of which are and were reasonable and just, and which the defendant promised and agreed to pay to the plaintiff, and also the reasonable market value of the stock of paints and paint materials and miscellaneous painters' tools turned over to the plaintiff by the defendant at the time the plaintiff began his said employment with the defendant, to-wit, on the 3d day of February, 1898, and also the reasonable market value of the same on hand and turned over by the plaintiff to the defendant at the termination of the plaintiff's said employment with the defendant, to-wit, on the 31st day of December, 1898.

"The plaintiff further states that on the 31st day of December, 1898, the defendant terminated the plaintiff's said employment and received from the plaintiff the plaintiff's stock of paints and paint materials and miscellaneous painters' tools, then on hand, and of the reasonable market value of six thousand, nine hundred and two dollars and thirty-eight cents.

"The plaintiff further states that by reason of the

premises aforesaid the defendant is justly indebted to
the plaintiff in the sum of seven thousand three hun-
dred and seventy dollars and two cents, being the bal-
ance due and owing by the defendant to the plaintiff
on account of his said employment; that said sum was
due and payable to the plaintiff on the first day of
January, 1899, although frequently demanded by the
plaintiff from the defendant since said first day of
January, 1899, inclusive, the defendant has failed and
refused, and still fails and refuses, to pay the same
or any part thereof.

"Wherefore, the plaintiff prays judgment against
the defendant for said sum of seven thousand three
hundred and seventy dollars and two cents with inter-
est from the first day of January, 1899, at the rate
of six per cent. per annum, and costs."

Thereafter, on February 18, 1903, defendant by
leave of court filed its answer to plaintiff's petition,
which answer, omitting caption and signatures, is in
words and figures as follows:

"Defendant for its answer to the petition admits
that it was a corporation; admits that the plaintiff was
employed by defendant as alleged in his petition; ad-
mits that said plaintiff performed some work for de-
fendant as a painter, and declares that the same has
since been paid for by defendant in money and in ma-
terial furnished by defendant to plaintiff; but this de-
fendant denies that it received from plaintiff on the 31st
day of December, 1898, or at any other time, paints,
paint materials and painters' tools to the amount of
the value of $6,902.38 as alleged in the petition; and
denies that plaintiff in his petition gives proper credit
to defendant, and denies each and every other allega-
tion in plaintiff's petition contained.

"Further answering, defendant says that the trial
of the issues herein will involve the taking and exam-
ination of long and complicated accounts between the

parties, and therefore asks the court to appoint some competent person as referee herein.''

By stipulation of the parties, filed, the court, on February 21, 1903, appointed Walter D. Coles, Esq., referee, in said cause, and directed him to try all the issues in the case and report his decision to the court with all convenient speed. The referee, after qualifying, and in pursuance to notice given the parties, began the taking of testimony in the cause on March 10, 1903, and the hearing was continued from time to time until October 16, 1903, on which day he filed his written report and finding, together with all exhibits and a transcript of the evidence, with the clerk of said court.

After a great mass of evidence had been taken by the referee, Charles Koons, the plaintiff, was placed upon the witness stand, and he testified, in substance, as follows: ''I am the plaintiff. I was employed by the defendant, and began work in January, 1898, according to my contract. The contract was in writing and was signed in duplicate, and dated St. Louis, January 21, 1898. I took one, and the defendant retained the other.'' The witness was then shown the copy of the contract taken by him, and identified his and defendant's signatures thereto.

Mr. Lyon, for plaintiff, then offered the identified copy in evidence, which was objected to until the witness could be cross-examined regarding its execution. The objection was sustained, and Mr. Crawley, for defendant, examined him, and he testified as follows: ''The contract was prepared in the office of the St. Louis Car Company. I was present, and Mr. Kobusch dictated it.'' The witness first testified that the copy identified was an exact copy of the one retained by defendant, but later testified that without the knowledge or consent of the defendant, he, with pen and ink, interlined his copy by writing therein the words italicized and embraced within brackets as they appear in

the contract, which, after the interlineations were made, reads as follows:

"St. Louis, January 21, 1898.

"I hereby agree to paint cars for the St. Louis Car Company as follows:

"Twenty-foot, standard car with open dashes, trail or motor car, $4.50 per running foot, measuring over corner posts.

"Standard closed car with open cab at each end, $4.75 per running foot, measuring over corner posts.

"Car with steam coach roof, closed cab at each end, $5 per running foot, measuring over corner posts.

"All styles of open cars at $3 per running foot, measuring over corner posts.

"The above prices include the painting of gates, guards, and all other details that may be attached to the car, in other words, everything with the exception of roof signs. If any signs are to be furnished the painting and letters are to be paid for extra. The additional price for signs to be as low as is consistent with first-class work.

"I guarantee to do all work in a strictly first-class manner and use nothing but first-class material. All outside work to be finished with Noble & Hoar's varnish [*unless otherwise specified*]. All inside work to be finished with first-class varnish. I will furnish all material necessary to do the work. The St. Louis Car Company to furnish shop room [*mills and machinery*] and do all moving of car bodies, trussels [*etc., to make it convenient*]. In addition to the above I also agree to furnish the necessary tools for doing the work for which I am to receive $1.50 per car additional to above prices.                  Respectfully submitted,

"CHAS. E. KOONS.
"Accepted,
     "St. Louis Car Company,
          "per GEORGE J. KOBUSCH."

There was evidence tending to show the contract between the plaintiff and defendant was modified according to the terms as stated by the interlineations, but there was no evidence tending to show that defendant agreed to the interlineations or changes made by plaintiff in the contract, or that it ever heard of the changes until the contract was offered in evidence.

After many unsuccessful attempts to introduce the altered contract in evidence, the counsel for plaintiff said: "I think I can cut this very short by asking them to produce their duplicate and I can rely upon that as this is *not a suit on contract;* that the employment of the plaintiff on or about January 21, 1898, was under oral agreement, made between the plaintiff and George J. Kobusch, the president of the defendant company, on behalf of the defendant; that a part of this is oral agreement in so far as the employment related to the price which the plaintiff was to receive for the painting of cars and for the furnishing of tools for doing this work was *reduced to writing, and the remainder was oral.* I state that now so that our position will be fully defined. I will withdraw this paper and ask you to produce the duplicate that you have."

After requesting defendant's counsel several times to produce the duplicate, the plaintiff's counsel, Mr. Lyon, said: "I ask that defendant be required to produce the written copy, dated January 1, 1898, and entered into between plaintiff and defendant."

Referee: "You will have to show he has it."

Mr. Crawley: "I tell you very plainly I will not do it" (meaning he would not produce defendant's copy).

Mr. Lyon: "Well, I will file a petition then requiring the production."

Mr. Crawley: "We resist the application."

Mr. Lyon: "I have thought over the matter and I will re-offer the paper identified as 'Exhibit F.' I

will re-offer that in evidence"—which is the altered copy.

Defendant objected for various reasons.

Mr. Lyon: "I will say this is a *written contract* and I say they have the right to cross-examine later as to whether it is or not. . . . It is a *written agreement* and if these *interlineations* were made there without the authority of the defendant company and were not part of the agreement between the parties, then I say that they can be *ignored, discarded and disregarded.*"

The Referee: "Well, let us go further than that and suppose that these interlineations and changes embodied what the parties subsequently agreed upon verbally, do you think one of the parties is entitled to incorporate them into the written contract and then offer it as a written contract?"

Mr. Lyon: "I don't think so, no, except that the witness stated that he was told to make a note of it. Now, I, myself, never heard of these interlineations being made subsequent to the execution of this paper by Mr. Kobusch, but if Mr. Kobusch told him to make a note of it and he immediately went to this desk and made a note of it as he understood it without any fraudulent intent, there must be fraudulent intent now."

The Referee: "The objection is sustained."

On March 25, 1903, Mr. Crawley stated to the referee he had been served with "a notice to produce a certain contract or agreement in writing between plaintiff and defendant, dated January 21, 1898, and relating to the painting of cars by the plaintiff for defendant. I now hand the paper in question to counsel for plaintiff."

Mr. Lyon: "I desire to state at this time that while I do not think it is really necessary to do so at this time, but so as to avoid misapprehension, that

*plaintiff's petition in this case is based upon an open account;* that the employment of the plaintiff on or about January 21, 1898, was under an oral agreement made between the plaintiff and George J. Kobusch, the president of the defendant company, on behalf of the defendant; that a part of this agreement, in so far as the employment related to the price which the plaintiff was to receive for the painting of cars and for the furnishing of tools for doing this work, was reduced to writing, and the remainder was oral. I state that now so that our position will be fully defined."

The Referee: "As I interpret the plaintiff's petition it is not necessarily founded upon a written contract. I think the only available objection growing out of the evidence as it now stands before the referee is the question of law as to whether the plaintiff can recover at all upon the theory of contract, and whether this contract should be considered as a *verbal or a written contract.* In other words, whether, if the plaintiff has got any right to recover, he wouldn't be obliged to resort to an *implied contract or sue upon quantum meruit,* not being able to recover upon a contract which he has altered in a material respect without authorization of the other party."

Mr. Lyon: "The written instrument is not in evidence. . . . We are proceeding upon the *agreement made orally* between the plaintiff and the defendant for the painting of cars by the plaintiff for the defendant, and such other painting as the plaintiff, from time to time, might be ordered and directed by the defendant to do."

Mr. Crawley: "The defendant at this point states to the referee that it is not prepared to continue the trial of this cause at this time, or to proceed further herein at this time, for the reason that said defendant is surprised and taken at a total disadvantage by the rulings of the referee upon the objections just made

by defendant to the offering and proposal of plaintiff to prove a contract between the parties partly written and partly oral.

"Second.  Because the defendant is taken at a disadvantage and is surprised and is utterly unprepared to try this case at this time, for the further reason that there is nothing in plaintiff's petition to indicate that plaintiff relied upon or sued upon any other contract or agreement than the one of January 21, 1898, which contract, as shown by the evidence before the referee, was executed in duplicate, one copy of it being retained by plaintiff, the other by defendant.

"Third.  Because, at the time of preparing defendant's answer in this case defendant was led to believe and did believe, from plaintiff's petition, that the agreement or contract referred to in said petition as the foundation of the action was the written contract as executed in duplicate, dated January 21, 1898.

"Fourth.  Because defendant ascertained on yesterday, for the first time, that the contract of January 21, 1898, was annulled and destroyed, in fact and in law, before the institution of this suit, by the act of plaintiff himself in making certain alterations therein without the knowledge or consent of this defendant.

"Fifth.  Because the answer of defendant was prepared and filed in the belief that the contract referred to in the petition, namely, the one of January 21, 1898, was the one upon which plaintiff relied in this case, and that the answer of defendant was prepared and filed in that belief, and no other; because defendant is not prepared at this time to join issue upon another and different contract, and cannot do so, or avail itself of the new fact which has been disclosed by plaintiff's testimony without obtaining leave from the circuit

court in which this suit is pending to file an amended answer herein.

"Sixth. Because it is the purpose and intention of this defendant to apply, as soon as possible, to the circuit court in which this suit is pending for leave to file an amended answer herein, which amended answer is rendered absolutely necessary by the rulings of your honor that evidence may be heard under the proposal or offer of plaintiff to prove a contract partly written and partly oral.

"For these reasons we ask your Honor to allow us such time as you may think reasonable to prepare and present to your Honor the affidavit of surprise herein."

The Referee: "The referee does not consider that any of the matters stated by counsel would constitute legal surprise, or present any reason why the referee should properly, in the exercise of sound discretion, grant a continuance, except the statement of counsel that they believe the issues to be presented to be different from those that have been presented. In view of that statement of counsel, and the further statement that the evidence makes it necessary, in their opinion, to file an amended answer, I propose to give the defendant reasonable time to do so without the necessity of filing an affidavit."

On Friday, April 10, 1903, at 2 p. m., the hearing in this matter was resumed before the referee, and the respective parties being present, the following proceedings were had:

Mr. Jamison: "I desire now, if your Honor please, upon reconvening at this hour, to object to the introduction of any further evidence in this case because since the last adjournment defendant presented an application to the circuit court for permission to file an amended answer in this case, and because the court passed upon that application and granted defendant such leave, and the defendant has filed an amended an-

swer since the last adjournment, wherein, aside from general denial to the allegations in plaintiff's petition they also plead *non est factum* as to the contract declared upon in plaintiff's petition.  The court in passing upon that matter, having adjudicated, as a matter of fact, that plaintiff's petition was based upon a written contract, and that written contract having been excluded by the court because of material and unauthorized alterations, the plaintiff is not entitled to proceed any further with this trial.''

The Referee: ''Well, that objection will be overruled, because there is nothing before me now.''  Defendant excepts.

Mr. Jamison: ''I now desire to renew and re-state the objections to any further evidence being offered in this case on the same grounds that were stated by defendant's counsel just before the adjournment ordered by the referee in order to permit defendant to present an application to file an amended answer.  These objections are numbered in the transcript prepared by the stenographer, beginning on page 161, from 1 to 9 inclusive; I desire now to restate and have the stenographer recopy them at this point, as our objections to the introduction of any further evidence in this case.''

The Referee: ''The objection is overruled.''  Defendant excepts.

The following is a copy of the objections referred to by counsel:

Mr. Crawley: ''I object to the introduction of any further testimony under the pleadings as they now stand for the following reasons:

"First:  Because the petition in this case alleges that the work and materials in respect of which this action was brought was done and furnished under an agreement made and entered into on or about the 21st day of January, 1898.

''Second:  Because the plaintiff, under that peti-

tion, and to sustain the issues assigned on his part, produced here before your Honor on yesterday a written contract containing certain interlineations made by him, which contract as interlined said plaintiff solemnly declared was the contract under which the work was done and the materials delivered, as alleged in his petition.

"Third: Because, it appeared in the testimony of the plaintiff yesterday that the contract of January 21, 1898, upon which the petition in this case is based, was wrongfully interlined and altered by plaintiff in the absence of the defendant, and without the authority of the defendant, and without the knowledge or authority of any person or officer authorized to act for the defendant in that behalf, and because of said interlineations said contract of January 21, 1898, was destroyed and rendered null and void.

"Fourth: Because defendant and its attorneys had no knowledge or information of said alterations until the same were testified to by the plaintiff.

"Fifth: Because the proposed change from the written contract as pleaded in the petition, and as produced by plaintiff in evidence, to a verbal contract different from the written contract pleaded, ought not to be, and cannot be allowed at this stage of the action.

"Sixth: Because the plaintiff has no right to sue under a written contract and to abandon the written contract at the trial to recover on an alleged verbal contract.

"Seventh: Because the contract referred to in the petition is a written contract, as shown by the testimony of plaintiff himself.

"Eighth: Because the paper so identified by plaintiff was offered in evidence by plaintiff's counsel yesterday in support of the issues on the part of said plaintiff and cannot now be abandoned.

"Ninth: Because there is no allegation in the petition that the contract there sued on consists in part of a writing and in part of a subsequent verbal modification, and because any such modifications, if verbally made after the execution of the writing, must have been incorporated by appropriate allegations into the petition; and if said alleged verbal agreements were made before or contemporaneously with the writing no evidence concerning them can be received because they are merged, as a matter of law, into the written contract."

The defendant's said amended answer, filed, is as follows, formal parts omitted:

"Defendant for amended answer to plaintiff's petition, leave of court to file the same being first had and obtained, denies each and every allegation and averment in said petition contained.

"For further answer to said petition defendant states that its contract for the employment of plaintiff to do painting for defendant and to furnish certain paints and paint materials was in writing and was made and entered into by and between plaintiff and defendant on the twenty-first day of January, 1898. That a copy of said written contract so made and entered into is herewith filed, made a part hereof and marked 'Exhibit A.'

"Defendant further answering states that plaintiff thereafter, without the knowledge or consent of defendant or any of its officers, wrongfully, fraudulently and materially changed and altered said written contract by inserting and interlining therein in the 18th line between the word 'varnish' and the word 'all' the words, 'unless otherwise specified,' and by inserting and writing therein between the word 'room' and the word 'and' in the twentieth line, the words, 'mills and machinery,' and by further inserting and interlining in said writing after the word trussels, it being the

last word in the twenty-fifth line, the words, 'etc., to make it convenient,' and by further writing on said paper after the signature of George K. Kobusch certain addenda, the precise language of which defendant is unable to state.''

Thereafter, to-wit, on April 4, 1903, plaintiff filed his reply to said amended answer, which reply, omitting caption and signatures, is in words as follows:

''Now comes the plaintiff and for his reply to the amended answer of defendant, denies each and every allegation therein contained.

''Wherefore, plaintiff again prays judgment as in his petition prayed.''

The plaintiff then offered parol evidence tending to prove all the allegations of the petition, which was duly objected to by the defendant, and was by the court overruled, and defendant duly excepted.

The plaintiff then rested his case, and defendant offered a demurrer to the evidence, which was by the court overruled, and defendant excepted.

Defendant offered in evidence a notice, served on it by the plaintiff during the progress of the trial, to produce and file in the case, on March 25, 1903, the duplicate copy of the contract between plaintiff and defendant, dated January 21, 1898, which, omitting formal parts, is as follows:

''You are hereby notified to produce on the trial of the above-entitled cause before Honorable Walter D. Coles, referee therein, on the 25th day of March, 1903, a certain contract or agreement in writing between the plaintiff and the defendant in said cause, dated January 21, 1898, and relating to the painting of cars by the plaintiff for the defendant.''

Mr. Jamison: ''I next offer in evidence a petition filed on behalf of the plaintiff, signed 'Lyon & Swarts, Attorneys for Plaintiff,' and duly verified by the affidavit of plaintiff on the 24th day of March, 1903, for

. an order requiring defendant to produce, during the trial of the case, the contract and agreement, dated January 21, 1898, and ask that it be marked, 'Exhibit 6,' which is as follows:

" 'In the Circuit Court of St. Louis. No. 26403 A.
Room 7. Pending before Hon. Walter
D. Coles, Referee.

" 'Now comes the plaintiff in the above-entitled cause and moves the referee to make an order on the defendant in said cause to produce upon the trial thereof the contract or agreement, dated January 21st, 1898, and made between the plaintiff and the defendant, and relating to the painting of cars by the plaintiff for the defendant.

" 'And the plaintiff states that he is advised by counsel, and verily believes, that said contract or agreement is material to the trial of said cause; that said contract or agreement relates to the painting of cars, alleged in the petition in said cause and shown in the plaintiff's statement of account filed with said petition and marked "Exhibit A" as having been done by the plaintiff for the defendant; and that said contract or agreement is in the custody, possession or power, or under the control, of the defendant.

" 'LYON & SWARTS,
"Attorneys for Plaintiff.' "

The petition was properly verified. Defendant rested.

On October 16, 1903, the report and finding of the referee was made and filed by him in the circuit court of said city, and in part is as follows:

"From the evidence in this cause, the special master finds that, on, or about, January 21, 1898, defendant employed plaintiff to take general charge of the painting department of defendant's car works, and to paint cars for defendant, and to do such other painting

as defendant might request plaintiff to do. That an agreement and contract, concerning plaintiff's employment, was at that time made and entered into between plaintiff and defendant, part of which said contract was reduced to writing and signed by the parties, and part of which said contract was verbal. That the writing then signed and executed by the parties, as part of said contract, was in the following terms:'' Then follows a copy of the contract, which was executed in duplicate by the parties on January 21, 1898.

"That contemporaneously with the execution of the foregoing writing it was verbally agreed between plaintiff and defendant that, in addition to painting cars and car signs, plaintiff should do such other painting for defendant, as defendant might from time to time direct plaintiff to do; that plaintiff should furnish defendant with paint and oil for the use of defendant's car builders for car building purposes, and defendant agreed to pay plaintiff the reasonable cost value thereof; that the stock of paints and paint materials and miscellaneous painters' tools owned by defendant, and on hand at the time that plaintiff began his employment with defendant, should be turned over to plaintiff as his property, and charged to plaintiff at the reasonable market value thereof, and that at the termination of plaintiff's employment by the defendant, the stock of paints and paint materials and miscellaneous painters' tools then on hand and owned by the plaintiff, should be turned over to the defendant as its property, and charged by plaintiff to defendant, at the then reasonable market value thereof.

"That the writing above referred to as embodying part of the contract between plaintiff and defendant, was executed in duplicate, plaintiff taking one copy and defendant one copy. That after said writing was executed by the parties, and between January 21, 1898,

and February 3, 1898, plaintiff altered the duplicate copy of said writing in his possession, by writing thereon and interlining therein certain words, so that said writing, with the interlined words written therein by plaintiff, read as follows: (The words interlined by plaintiff are enclosed in parentheses and underscored).'' Then follows a copy of said contract with the interlineations, as made by the plaintiff:

''The referee finds that prior to the time at which the plaintiff made the alterations or interlineations upon the copy of the contract retained by him, as above specified, the defendant had verbally agreed with the plaintiff that that part of the contract between plaintiff and defendant embodied in said writing should be modified as expressed by the plaintiff in such alterations or interlineations. The referee further finds that plaintiff was not authorized by defendant to alter or change said writing in any manner, and that said alterations, although made by plaintiff in good faith, and without fraudulent purpose or intent on his part, were, in point of fact, made without the knowledge, authority, or consent of defendant.

''The referee further finds that plaintiff, in pursuance of his employment by defendant, did, between the 3rd day of February, 1898, and the 31st day of December, 1898, both inclusive, paint cars for the defendant, paint and letter signs for the defendant, perform other painting work at the special instance and request of the defendant, furnish the necessary tools for doing the aforesaid work, furnish all material necessary to do said work, and furnish the defendant's car builders with lead and oil for car building purposes, all of which is more particularly set forth in the following statement of account, in which account is also set forth the prices agreed upon between plaintiff and defendant for said work and material, and which plaintiff was en-

titled to be paid by defendant therefor, in accordance with the terms of the contract aforesaid.''

Then followed a statement of the account between them, showing a debit of $61,976.55 of the company and a credit of $56,742.56 in its favor.

''The referee further finds that upon the commencement of plaintiff's employment by defendant, to-wit, on February 3, 1898, the defendant turned over and delivered to plaintiff a stock of paints and paint materials and miscellaneous painters' tools, owned by the defendant, of the reasonable market value of $5,-202.63, and that upon the termination of plaintiff's employment, to-wit, December 31, 1898, plaintiff turned over and delivered to defendant the stock of paints and paint materials and miscellaneous painters' tools, owned by plaintiff, and then on hand, and that said property was of the reasonable value of $6,902.38.

''The referee further finds that in painting cars for defendant, plaintiff did, in some instances, use other varnishes for finishing outside work than Noble & Hoar's varnish, and that in each instance where such other varnish was so used by plaintiff, defendant expressly authorized plaintiff to use the same. The referee finds that plaintiff made demand upon defendant on January 1, 1899, for the balance due to plaintiff from defendant. At the conclusion of the plaintiff's evidence, in chief, which evidence tended to sustain each and all of the foregoing findings, the defendant moved the referee to declare that under the pleadings and the evidence, plaintiff was not entitled to recover. The said motion was denied by the referee.

''That plaintiff did the work, and furnished the material, as heretofore stated herein, and that defendant made the payments on plaintiff's account, as previously specified, stands practically uncontroverted by the evidence. The defendant contends, however, that plaintiff is not entitled to a judgment against it herein,

for the reasons: (1) That it appears from the evidence that the original contract entered into between plaintiff and defendant was subsequently modified by the parties, and in order to entitle plaintiff to recover upon such modified contract, he should, in his petition, have set out the agreement as originally made, and have pleaded specifically the subsequent modification thereof. (2) That this is a suit upon a written contract, which contract, the evidence shows, was materially altered by plaintiff without defendant's authorization or consent, and thereby such contract was rendered void, and plaintiff precluded from any recovery thereon. The referee is of the opinion that under the pleadings and the evidence in this case, neither of the contentions made by the defendant ought to defeat plaintiff's recovery herein. Plaintiff, in his petition, alleges that he was employed to paint cars for defendant, and to do such other painting as he might be directed by defendant to do, and that defendant agreed to pay him a certain specified remuneration for such work. Defendant, in its original answer, which is in evidence, admitted 'that plaintiff was employed by defendant, as alleged in his petition.' The nature of plaintiff's employment by defendant, and the terms of such employment, being specifically alleged in the petition, the admission by defendant of plaintiff's employment, 'as alleged in his petition,' must be regarded as prima-facie proof of plaintiff's employment for the purposes and upon the terms stated in the petition.

"Furthermore, the referee is of the opinion that under the evidence, plaintiff is entitled to recover independently of the admission above referred to. The agreement between plaintiff and defendant as originally entered into constituted an entire contract, part of which contract was embodied in a writing, and part rested in parol. The contract, as originally made,

must, therefore, for purposes of pleading, be regarded as merely a parol contract, and where a parol contract is subsequently modified by parol, it is proper to declare upon the contract as modified, without setting out the prior agreement, out of which the ultimate contract was evolved. In this case, before performance of the original contract of employment was entered upon, it was modified in some particulars by the parties, and plaintiff has pleaded the agreement in its modified form, and as it stood when plaintiff began to work for defendant under such agreement. The referee holds that, in this case, it was entirely competent for plaintiff to declare upon the entire contract in its ultimate form, without specifically setting out the manner in which such contract was evolved, and without distinguishing in his pleadings the verbal and written elements which constituted it.

"The contention that plaintiff, by altering his copy of the written memorandum of January 21, 1898, thereby rendered void and unenforceable the contract between plaintiff and defendant, cannot avail the defendant in this cause, because, although the altered memorandum has been excluded as evidence, the defendant has itself put in evidence its unaltered and unmutilated copy of such contract. If plaintiff had been compelled to rely upon the altered copy of the contract to sustain his case, he could not have recovered thereon. But where a contract is executed in duplicate, as in this case, the fact that one copy of the contract has been materially altered by a party thereto, will not, in the absence of positive fraud, preclude such party from recovery under the unaltered duplicate, when the latter is properly in evidence.

"The referee accordingly finds that defendant is indebted to the plaintiff in the sum of $68,878.93, being the aggregate amount of plaintiff's account for work and material, as previously stated, and of the

value of the stock of paints, paint materials and miscellaneous painters' tools, turned over by plaintiff to defendant, as heretofore stated; and that defendant has paid to plaintiff, on account of said indebtedness, the sum of $61,945.19, as heretofore stated; and recommends that the judgment of the court be that plaintiff have and recover of defendant, the balance of the indebtedness due from defendant to plaintiff, to-wit, the sum of $6,933.74, together with interest thereon, at 6 per cent per annum, from January 1, 1899, and costs."

In due time defendant filed exceptions to the report of the referee, and assigned thirty-one grounds for setting it aside, which are too lengthy to set out.

The court then, on January 6, 1904, overruled said objections, and rendered judgment for plaintiff for the sum of $9,019.64. Exceptions were duly saved, and in due time defendant filed motions for a new trial and in arrest of judgment, which were, by the court, overruled, and defendant duly excepted and has prosecuted its appeal to this court.

OPINION.

I.

The plaintiff for his cause of action alleges, that on or about January 21, 1898, the defendant employed him to do certain painting for it at certain prices, and he to furnish all the materials required; and that he agreed with defendant to take all the paints and materials it had on hand at the time he began the work at their reasonable market value, and that defendant agreed to take back the paints and materials he had on hand at the time his employment ceased at their market value. And, that, in pursuance of said employment, he turned back to defendant all the paints and materials he had on hand, which were accepted by it; and,

that, after allowing defendant all just credits, there was still due him for said work and materials the sum of $7,370.02.

Of course, the employment of plaintiff must have been by some sort of contract, but the petition is silent as to the kind of contract that was entered into between him and the defendant; but, when it became necessary for him to prove his case, he offered in evidence a written contract, dated January 21, 1898, signed by himself and the Car Company, which is the one set out in the statement accompanying this case. In fact, several times during the progress of the trial plaintiff himself, and his counsel, admitted and stated that was the contract referred to in the petition. It must be borne in mind that, according to the terms of that contract, the only things the plaintiff agrees to do for defendant is to paint the kind of cars and the signs therein described, and to furnish the necessary tools and materials with which to do the work. There is no provision in that contract whereby plaintiff agrees to purchase of defendant the paints and materials it had on hand at the time he began work for the company, nor is there a provision therein which requires the defendant to buy back the paints and materials the plaintiff might have on hand at the time he ceased to work for defendant; and the only thing defendant agreed to do by that contract was to pay plaintiff the prices therein stated for all the work he should do according to the terms of the contract.

There is no other contract mentioned in the petition, except the one above mentioned.

Plaintiff having sued on a special contract, he must recover upon that contract or not at all. Having elected to stand on the written contract, he cannot recover upon a contract, part of which it is alleged is in writing and another part resting in parol, or upon a

*quantum meruit* for work and labor done or services rendered.

For this reason all parol evidence as to the terms of the contract should have been excluded. [Cole v. Armour, 154 Mo. 350, 351, and cases cited.]

He cannot sue on one cause of action and recover upon another. [Clements v. Yeates, 69 Mo. 625, 626; Smith v. Shell, 82 Mo. 219; Henning v. United States Ins. Co., 47 Mo. 431.]

Plaintiff recognizes the application of the above rule and endeavors to evade the effects of it by saying that the evidence in the case shows that "the original contract was verbal and a part only was reduced to writing" and for that reason the principle which prohibits the introduction of parol contemporaneous evidence does not apply when the original contract was verbal and entire, and a part only was reduced to writing. [Brown v. Bowen, 90 Mo. 189; Roe v. Bank of Versailles, 167 Mo. 427.]

There are three reasons why the last-mentioned rule does not apply to this case: First. Because such a contract must be pleaded, which is not done in this case. [Henning v. United States Ins. Co., 47 Mo. 431; Roe v. Bank of Versailles, 167 Mo. 416; Railroad v. Curtis, 154 Mo. 14, 17, 18; Brown v. Bowen, 90 Mo. 189; Moss v. Green, 41 Mo. 390, 391; Rollins v. Claybrook, 22 Mo. 406, 407.] Second. That rule never applies except in cases where the part of the contract which is reduced to writing shows upon its face that it is incomplete and that it does not purport to be a complete expression of the entire contract. [Ringer v. Holtzclaw, 112 Mo. 523; Moss v. Green, 41 Mo. 390, 391; State v. Cunningham, 154 Mo. 161-172; Rollins v. Claybrook, 22 Mo. 405; Ellis v. Bray, 79 Mo. 238; O'Neil v. Crain, 67 Mo. 251-2.] And, third, the plaintiff repeatedly stated in his testimony that the verbal contract was not made until after the expiration of at least two days,

and probably a week, after the written contract was executed. Under that state of facts, clearly the parol evidence of the verbal agreement should have been excluded. As stated by Judge SHERWOOD, "In the first place, it is one of the fundamentals of the law of evidence that all precedent as well as all contemporaneous negotiations in relation to a contract afterwards reduced to writing are, in the absence of accident, etc., conclusively presumed to have been swallowed up by, and entirely merged and expressed in, the written instrument, which thenceforth becomes the sole expression of the will and agreement of the contracting parties. This rule has been unvaryingly observed and announced by this court from its earliest to its more recent decisions." [Boyd v. Paul, 125 Mo. l. c. 13; Seitz v. Brewers Co., 141 U. S. 510; Ringer v. Holtzclaw, 112 Mo. 523; Railroad v. Curtis, 154 Mo. 22; Parker v. Vanhoozer, 142 Mo. 627; Laclede Const. Co. v. Moss Tie Co., 185 Mo. l. c. 61.]

According to these authorities the referee erred in holding that there was but one contract entered into between the parties, part of which was reduced to writing and part of it in parol. There were either two separate and distinct contracts, or the one contract dated January 21, 1898, and subsequently modified by agreement of the parties, and which is true is not exactly plain, as there is evidence tending to establish both propositions.

## II.

The plaintiff in order to establish the allegations of his petition offered in evidence the duplicate copy of the contract which was delivered to him, and bearing date of January 21, 1898. It was admitted at the trial that said copy had been interlined and altered by the plaintiff, and without the knowledge or consent of defendant. When this fact appeared, defendant secured

permission to file an amended answer, and on March 25, 1903, it filed its amended answer, which is set out in the statement accompanying this opinion, denying under oath the execution of the written contract sued on, and at the same time handed to plaintiff's counsel the copy of the contract retained by the defendant; but it seems that this copy was never offered in evidence, nor was the altered copy ever admitted in evidence; but, after the filing of the amended answer, plaintiff, over the unsuccessful objection of defendant, introduced the original answer of defendant, as an admission of the allegations of the petition, and it duly excepted.

The point is now made that the alteration of the copy by plaintiff nullified the written contract, and for that reason the contract was void when the suit was instituted; and, that, being ignorant of the alteration, when it filed the original answer, the filing of that answer by defendant did not have the effect of breathing new life into that contract, or to constitute an admission of the facts stated in the petition, which it supposed was a declaration based upon the original unaltered contract between the parties, and for that reason the court erred in admitting the answer in evidence.

There is no pretense in the case that defendant had any knowledge or notice of the alteration at the time it filed the original answer or prior to the time the altered copy was offered in evidence. That the alteration of the instrument by the plaintiff nullified it is not questioned, as the law is well settled in this State upon that point. [Kelly v. Thuey, 143 Mo. 432-434.]

To evade the force and effect of this well-grounded rule of evidence, plaintiff resorts to another rule of evidence, equally well established in this State, which permits a party to introduce in evidence the admissions of the other party against his interest, which

includes abandoned pleadings in the case. [Walser v. Wear, 141 Mo. 463.]

No case has been cited, nor do we know of any, which holds that an admission made under such a misapprehension of the facts, as is shown to exist in this case, is admissible in evidence to make out plaintiff's case. Such a rule would work an injustice upon the defendant, because it supposed and naturally supposed the petition declared upon the contract of January 21, 1898, as originally written and executed, and it never for a moment supposed that plaintiff was declaring upon an altered contract—in fact, it never knew of the alteration for four or five years after the alteration occurred. To admit the original answer under such circumstances would also enable plaintiff to take advantage of his own wrong in altering the contract. In the absence of express authority to the contrary, we cannot lend our assent to the proposition that the answer in this case was admissible in evidence.

### III.

Plaintiff repeatedly stated during the progress of the trial that he could prove his cause of action by the introduction of the copy of it retained by the defendant, and the evidence shows that he filed a petition with the referee praying for an order requiring defendant to produce its said copy; and also served a notice upon its counsel to produce its copy in court to be used in evidence in the case, which was complied with, but apparently was never offered in evidence.

There are three reasons why plaintiff cannot recover upon defendant's copy of the contract:

First. It was not sued on.

Second. It was not offered in evidence.

Third. The alteration of his duplicate vitiated the whole contract *as it then* existed. [Mfg. Co. v.

Hudson, 113 Mo. App. 344; Hord v. Taubman, 79 Mo. 101; First National Bank v. Fricke, 75 Mo. 178; Flynn v. Union Bridge Co., 42 Mo. App. 529.]

### IV.

The referee found as a fact that the alteration of the contract was made in good faith and with no fraudulent intent, and held as a matter of law under those facts the contract was not nullified by the alterations.

That is not the law of this State. A material alteration of a written instrument by one of the parties by adding words to it will release the other party thereto. And the rule holds even though the alteration is made in good faith, in order to make it conform to the real agreement of the parties. The instrument is vitiated regardless of the intent of the party making it. [Evans v. Foreman, 60 Mo. 449; Capital Bank v. Armstrong, 62 Mo. 59; Iron Mountain Bank v. Murdock, 62 Mo. 70.]

### V.

Plaintiff's next contention is that the original contract was modified and varied by oral agreement between the parties, and, therefore, no action could be maintained on it; the whole matter is thrown into parol, and the written contract is of no avail as between the parties, except as bearing upon the measure of damages and such matters. This contention is fully sustained by the case of Boyd v. Camp, 31 Mo. 163. While the question of pleading was not raised in that case, yet the point has been before this court in other cases. It will not be denied the parties to a contract may by a subsequent agreement upon a sufficient consideration change or modify the terms of their written contract. But in suits based upon such modified contracts, the contract so modified must be distinctly pleaded. The petition in this case alleges an absolute,

independent agreement, disconnected with any other previous transaction. In speaking of a similar case this court used this language: ''The petition sets forth an absolute, independent agreement disconnected with any other previous transaction, and such being the case, it was not competent for plaintiffs at the trial to blend the two and graft the verbal on the prior written contract.'' [Henning v. United States Ins. Co., 47 Mo. l. c. 431.] That is exactly what was done in this case, and the referee recommended, and the circuit court rendered judgment against the defendant on that theory, which was erroneous. The contract as modified must be declared upon. [Warren v. Mayer Mfg. Co., 161 Mo. 116, 117.]

## VI.

Plaintiff finally contends that this suit may be considered as one of *quantum meruit*, and if so considered all objections of defendant as to both pleadings and as to the admissibility of the evidence is disposed of. The trouble with that position is that it is not such a suit. It is clearly a suit upon contract, as shown both by the pleading and the evidence, and this court would be doing violence to all rules of pleading to adopt such a course in this kind of a case.

## VII.

Both parties raise several other points regarding the admissibility and rejection of evidence, which will not arise in the next trial if the case is tried according to the views herein expressed.

For the reasons before stated, the judgment of the circuit court is reversed and the cause remanded.

All concur.