768

John B. Pew, of Kansas City, Mo. (Henry J. Plagens, of Kansas City, Mo., on the brief), for appellants.

Terrence M. O'Brien, of Kansas City, Mo. (James P. Aylward and George V. Aylward, both of Kansas City, on the brief), for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

THOMAS, Circuit Judge.

This is an appeal by the defendants from a judgment in favor of the plaintiff for an alleged unpaid balance due upon a contract of employment.

For his cause of action the plaintiff Wheeler alleged that prior to 1930 he was employed by the defendants B. P. Lientz and the B. P. Lientz Manufacturing Company, a corporation, and each of them, to render services for which they agreed to pay him $5,000 per year; that he rendered the services contemplated during the years 1931 to 1936, inclusive; and that he earned the total sum of $30,000 of which he was paid $13,880.27 leaving a balance due him of $16,119.73, for which he demanded judgment against both defendants.

The defendant Lientz filed a general denial. The defendant corporation denied generally and by way of counterclaim alleged that the plaintiff was in its employ during the years 1931 to 1936, inclusive, for which he was entitled to compensation in the amount of $3,600 for 1931 and at the rate of $1,800 per year for the succeeding years, making a total of $12,600. It was further alleged that the amount due plaintiff had been paid in full and that in addition thereto it had made advances or loans to him in the amount of $1,280.27, for which it demanded judgment. The plaintiff denied the allegations of the counterclaim.

The case was tried to the court without a jury. Judgment was rendered against both defendants in favor of the plaintiff for $9,119.73 and both defendants appeal.

We shall first discuss the appeal of the corporate defendant.

The B. P. Lientz Manufacturing Company was incorporated in 1919 and was engaged in the manufacture and installation of combustion equipment for refineries and power plants with its plant at Kansas City, Missouri. The defendant B. P. Lientz during all the time material to the issues herein was president and manager of the corporation. The plaintiff is a machinist. The plaintiff was employed by the corporation in 1924 and continued with the company until December 31, 1936. At first he was paid $40 per week. In 1927 his compensation was increased to $5,000 per annum.

The court found specifically that plaintiff by the terms of his employment was to be paid $5,000 for the year 1931, and $3,600 annually for the years 1932, 1933, 1934, 1935, and 1936, or a total of $23,000; and that there had been paid him thereon $13,880.27, leaving a balance due plaintiff of $9,119.73 for which amount judgment was rendered.

It is not disputed that plaintiff's agreed salary for the years 1929 and 1930 was $5,000 a year, nor that the amount of the payments for the years 1931 to 1936, inclusive, was in the sum of $13,880.27. The corporate appellant's contentions are: (1) That the recovery permitted by the court is a departure or variance from the plaintiff's pleading, evidence and theory of his case and that the judgment is not supported by the pleadings and evidence as a whole; (2) that the court erred in not finding that the plaintiff had only a contingent claim which had not ripened into a debt; and (3) that the court erred in not rendering judgment for the defendant on the counterclaim.

The question presented by the first contention is whether under the circumstances present and upon the record in this case the court was authorized to grant recovery upon a contract different from the contract declared upon.

■■ There is a general rule to the effect that where a plaintiff sues upon an express contract he must recover upon that contract or not at all. Fay v. Missouri Power & Light Co., Mo.App., 33 S.W.2d 1056, 1058. Parties to a contract may by a subsequent valid agreement modify its terms; but in suits based upon such modified contracts, the contract as so modified must be distinctly pleaded. Koons v. St. Louis Car Co., 203 Mo. 227, 101 S.W. 49,

59. It is appellant's contention that these rules preclude recovery in this case and require a reversal. We think that in a proper case these rules have been modified by the Rules of Civil Procedure, 28 U.S.C. A. following section 723c.

In the instant case the plaintiff pleaded and relied upon a contract of employment for the years 1931 to 1936, inclusive, providing for a salary of $5,000 per year. The defendant filed a general denial and pleaded a counterclaim as an affirmative defense in which it declared upon a contract covering the same period but providing for a salary of $3,600 for the year 1931 and $1,800 for each of the years 1932 to 1936, inclusive. The plaintiff by reply denied each and every allegation of the counterclaim. The court granted recovery upon a contract for a salary of $5,000 for the year 1931 and of $3,600 for each of the other years. The plaintiff did not object, did not appeal and did not amend his petition. In their pleadings neither party claimed that the contract provided for the payment of $3,600 a year for the years 1932 to 1936. No such issue was presented by the pleadings.

Rule 15(b) of the Rules of Civil Procedure provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

The finding of the court that the contract in force for the year 1931 provided for a salary of $5,000 a year and that this contract was modified so that it provided for $3,600 a year for the succeeding years is supported by substantial evidence. Both parties upon the trial contributed to the production of such evidence. The evidence was not objected to on the ground that it

was not within the issues. It is a fair inference from the record that the parties impliedly consented to try the issue upon which the court's finding rests. The result is not, therefore, under the rule affected by the failure to amend the complaint.

It is next contended that the court erred in not finding that the plaintiff had only a contingent claim which had not ripened into a debt. The contention is that there was an agreement that the unpaid portions of plaintiff's salary were not to be paid until the "company again became prosperous and able to pay." The alleged modification of the original contract was not pleaded by amendment or otherwise, but the contention now advanced was raised at the trial and the court refused to make such finding. The evidence upon the point is in conflict. There is substantial evidence to support the court's conclusion. There can be no reversal, therefore, upon this ground.

The third contention is that the court should have rendered judgment upon the counterclaim. This contention could be sustained only if it were found that plaintiff was entitled to but $1,800 a year for the last five years of his service. The court having found that the agreed salary for those years was $3,600 a year there could be no recovery on the counterclaim.

It follows that the judgment must be affirmed on the corporate defendant's appeal.

The record in respect of the liability of the individual defendant B. P. Lientz is not the same as it is in respect of the liability of the corporate defendant. The court made no evidentiary findings to support a judgment against him. His liability depends upon whether there is substantial evidence to establish that he was a coemployer of the plaintiff for the years 1931 to 1936, inclusive. We have examined the record carefully, and we are of the opinion that there is no evidence from which a plausible or valid inference can be drawn to support the judgment against Lientz.

Lientz was at all times president and general manager of the corporation and necessarily represented it in all its dealings with the plaintiff. In addition to his duties on behalf of the corporation Lientz, under the fictitious name of "B. P. Lientz and Company", personally conducted the sale of the corporation's products receiving for these services a commission on all gross

sales fixed by a contract with the corporation. The plaintiff was employed by the corporation in 1924 as a machinist for a short time. Later he was transferred to sales and installation work in the Oklahoma territory and continued to perform these services until 1930. From 1931 through 1936 the plaintiff worked in Kansas City as a shop foreman for the corporation.

There is no claim that Lientz expressly and personally undertook to pay plaintiff's salary. He never did pay any part of it. Payments from 1924 to 1936, inclusive, were all made by checks of the corporation. The original employment in 1924 was by the corporation. Plaintiff testified that "From the beginning of 1931 through 1936 I worked as shop foreman." Again, "I was with the B. P. Lientz Manufacturing Company, working right along every day."

To support the claim against Lientz personally the plaintiff relies upon equivocal expressions used by Lientz in conversation or upon letters written by Lientz in reference to plaintiff's employment or by way of directing his work. None of these expressions relied upon is consistent with the fact that plaintiff was at all times an employee only of the corporation which paid him his salary. Nothing was said by Lientz that any manager might not say to an employee of the corporation without any thought of assuming personal liability for the employee's wages. It is not claimed that Lientz guaranteed payment of plaintiff's salary or that he is secondarily liable in any way.

A letter written by B. P. Lientz on which much reliance is placed is dated April 6, 1927, and addressed to the plaintiff at Tulsa, Oklahoma. In this letter B. P. Lientz says: "Your letter of April 1st addressed to Mr. S. D. Lientz [an officer and employee of the corporation] and expense sheets inclosed therewith has been referred to me." Instructions are then given for making out expense accounts. The letter then proceeds: "To make this matter clear for you, I will reiterate my understanding and agreement with you." He then details the terms of the contract in reference to payments for services. All the payments provided for therein had been and were thereafter made by the corporation. In view of the relations of the parties, the words "my understanding and agreement with you" cannot be construed to refer to any "agreement" or contract except the one

existing between the plaintiff and the corporation made on its behalf by Lientz as its manager. It is not possible to spell out of such evidence, and there is no direct evidence on the point, a contract by the terms of which Lientz agreed to pay Wheeler, as shop foreman for the corporation, his salary for the years 1931 to 1936. For these reasons it was error to enter judgment against B. P. Lientz individually in favor of the plaintiff for salary accruing during the years 1931 to 1936.

The judgment is affirmed on the appeal of the B. P. Lientz Manufacturing Company and reversed on the appeal of B. P. Lientz individually.