SAM ARKY, Respondent, v. F. W. BROCKMAN COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. **STATUTE OF FRAUDS: Sale of Goods: Sufficiency of Memorandum.** To satisfy the Statute of Frauds, relating to the sale of goods, wares and merchandise of the value of thirty dollars and upwards (Sec. 2784, R. S. 1909), the memorandum must contain all of the material terms and conditions of the contract made.

2. ———: ———: ———. A memorandum of the sale of goods of the value of more than thirty dollars, which sets out the quantity of goods sold and the price to be paid therefor, but which does not provide for the time of delivery or payment, is sufficient, under the Statute of Frauds (Sec. 2784, R. S. 1909), if the time of delivery and payment were not in fact agreed upon, since the memorandum would be construed as evidencing a contract for delivery and payment within a reasonable time; but if the contract actually made provided for the time of delivery and payment, the memorandum must, in some manner, set out such agreement, in order to be sufficient under the statute, and this is true even though the agreement as to delivery and payment was made subsequent to the signing of the memorandum.

3. ———: ———: ———. Where, in contracting for the sale of goods of the value of more than thirty dollars, the parties

orally agreed that the goods should be delivered and paid for within two days, a memorandum which set forth that the vendor had sold a certain quantity of goods at a certain price, but which contained no provision as to the time of delivery or payment, was insufficient under the Statute of Frauds (Sec. 2784, R. S. 1909), since it did not contain all of the material terms and conditions of the contract made, and hence the vendee was not entitled to recover damages for refusal of the vendor to deliver the goods.

4. ————: **Written Contract: Oral Modification.** While a contract which is not required by the Statute of Frauds to be in writing may be modified, varied or annulled by a subsequent oral agreement, a contract which the statute requires to be in writing cannot be modified or varied by a subsequent oral agreement.

Appeal from St. Louis Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED.

*Chas. B. Stark* for appellant.

(1) The memorandum of sale sued on was insufficient because not signed by the defendant. R. S. 1909, sec. 2784; Catlett v. Catlett, 55 Mo. 330; Evans v. Ashley, 8 Mo. 177; Lee v. Vaughn Seed Store, 101 Ark. 68; Hargadine v. Van Horn, 72 Mo. 370; Boardman v. Spooner, 13 Allen (Mass.) 353; McMillen v. Terrell, 23 Ind. 163; Zachrisson v. Poppe, 3 Bosw. (N. Y. Sup. Ct.) 171; Vielie v. Osgood, 8 Barb. 130; Hawkins v. Holmes, 1 P. Wins. 770; Bawdes v. Amhurst, Prec. in Ch. 403, Case 274; Selby v. Selby, 3 Mer. 4. (2) There was no evidence that the defendant intended to adopt the printed name at the head of the office blank as its signature and it was error to let it go to the jury without proof of its execution as a memorandum of sale. Boardman v. Spooner, 13 Allen (95 Mass.) 353; McMillen v. Terrell, 23 Ind. 163; Selby v. Selby, 3 Mer. 4. (3) The memorandum was insufficient because, (a) It did not show what kind of eggs were sold,

whether hen eggs, goose eggs, or those of some other fowl; (b) It did not show the quality of the eggs, whether "firsts," "seconds," "storage," "extras," "country" or one of the many other varieties known to the trade; (c) It did not show how many eggs were sold, nor did it furnish the means to ascertain the number; (d) It did not show the price nor any fact from which it could be determined. R. S. 1909, sec. 2784; Reigert v. Coal Co., 217 Mo. 142; Kelly v. Thuey, 143 Mo. 422; Ringer v. Holtzclaw, 112 Mo. 519; Bacon v. Eccles, 43 Wisc. 227. (4) It is incompetent to piece out or supply by parol evidence the omissions in the memorandum of sale sued on. Kelly v. Thuey, 143 Mo. 422; Boyd v. Paul, 125 Mo. 9; Ringer v. Holtzclaw, 112 Mo. 519; Standard Fireproofing Co. v. St. Louis Fireproofing Co., 177 Mo. 559; Biest v. Ver-Steeg Shoe Co., 97 Mo. App. 137. (5) The rule that when notice for delivery is expressed the law intends a reasonable time does not apply because the memorandum was not dated and parol evidence was not competent to fix the date from which the time should be computed. (6) When the answer denies the agreement the Statute of Frauds is available without special plea. Schmidt v. Rozier, 121 Mo. App. 306; Hillman v. Allen, 145 Mo. 638; Hurt v. Ford, 142 Mo. 283; Glasgow Co. v. Burgher, 122 Mo. App. 14; Schmidt v. Rozier, 121 Mo. App. 306; Hackett v. Watts, 138 Mo. 502; Boyd v. Paul, 125 Mo. 9; McKee v. Rudd, 222 Mo. 344; Darnell v. Lafferty, 113 Mo. App. 282. (7) It was error to submit to the jury the interpretation of the written memorandum. Brecheisen v. Coffey, 15 Mo. App. 80; Falls Co. v. Broderick, 12 Mo. App. 378; State v. Lefaivre, 53 Mo. 470; Michael v. Ins. Co., 17 Mo. App. 23; Spalding v. Taylor, 1 Mo. App. 34. (8) The use made by the defendant of its printed stationery was competent to go to the jury on the question whether it intended to adopt the printed name as a signature. 1 Whar. Ev. (3 Ed.), secs. 21, 22; 1 Greenl.

Ev. (16 Ed.), sec. 38; Ins. Co. v. Weide, 11 Wall. 438; Coughlin v. Haenssler, 50 Mo. 126; True v. True, 33 Me. 367; Crabtree v. Vanhoozier, 53 Mo. App. 405.

*McPheeters & Wood* for respondent.

(1)   A printed or stamped name if used and delivered with the intention of recognizing it as a signature, is a sufficient signing to satisfy the Statute of Frauds.   Schneider v. Norris, 2 M. & S. 286; Saunderson v. Jackson et al., 3 Esp. 180; Durrell v. Evans et al., 1 H. & C. 172; Commonwealth v. Ray, 3 Gray (Mass.) 447; Browne on Statute of Frauds, sec. 356; 20 Cyc. 253; Davis v. Shield, 26 Wend. (N. Y.) 341. (2)   The memorandum was sufficient because it recited all the essential elements of the contract: (a)   The names of the parties; (b) the merchandise sold; (c) the price.   Benjamin on Sales; Kelly v. Thuey, 143 Mo. 422.   While it is not admissible to supply an omission in the memorandum of sale, it is competent to explain the meaning of any terms of the contract by parol.   Salmon Falls Mfg. Co. v. Goddard, 14 How. (U. S.) 446; Springer et al. v. Kleinsorge, 83 Mo. 152; Browne on Statute of Frauds, sec. 380; Spicer v. Cooper, 1 Q. B. 424; Heidemann v. Wolfstein, 12 Mo. App. 366; Dana v. Fuller, 12 N. Y. 40; 20 Cyc. 270.

ALLEN, J.—This is an action for damages for the breach of an alleged contract of sale of personal property.   On October 23, 1911, plaintiff went to the office of the defendant corporation, in the city of St. Louis, and after some conversation between plaintiff and defendant's president, the latter filled out and delivered to plaintiff the following paper, viz.:

"F. W. BROCKMAN COMMISSION CO.·

St. Louis, —————, 1910.

Sold to SAM ARKY
      2 Cars Eggs
        800 Cases                18½

Lot 11376
  " 11519"

On this paper plaintiff's name, and all that appears below it; are in the handwriting of defendant's president; the remainder of the memorandum being a printed heading.

There is much conflict in the testimony as to what took place between plaintiff and defendant's president at and about the time of the execution and delivery of this memorandum. Plaintiff testified that, at or prior to the delivery thereof to him, nothing was said as to when the eggs were to be delivered and paid for; but, that as he was leaving defendant's office with the paper he said to defendant's president: "I will see you in two days."

The testimony of defendant's president is to the effect that cotemporaneous with the execution and delivery of this paper he told plaintiff that he must understand that this was a cash sale; that plaintiff at first requested two days' time in which to make payment, saying that he did not then have the purchase price, but that the witness declined to consent to this, and that it was agreed that plaintiff would consummate the transaction on the floor of the Butter, Egg & Poultry Exchange the following day, not later than half past eleven o'clock in the forenoon. This plaintiff denies. The further testimony of defendant's president is that he was on the floor of the above mentioned exchange the next day, ready to close the matter, and waited until 11:30 a. m., and that as plaintiff did not appear he sold the eggs in question to another.

Within two days after the execution of the memorandum plaintiff called at defendant's office and demanded the eggs, offering to pay for them, but was told that they had been sold. Plaintiff thereupon instituted this action to recover damages for the breach of the alleged contract of sale.

The petition alleges that on or about October 23, 1911, defendant agreed to sell plaintiff two cars of eggs, described as lots No. 11376 and No. 11519, aggregating eight hundred cases, each case containing thirty dozen eggs, at and for the price of 18½ cents per dozen; and that defendant delivered to plaintiff the memorandum in question, in which the above "terms and conditions" were set out. The petition further states: "That *after the making of said agreement,* plaintiff agreed to pay for and receive said eggs at the price agreed upon within two (2) days after the making of said contract." (Italics ours.) And it is averred that on October 25, 1911, plaintiff demanded delivery of the eggs, and was ready, willing and able to pay the agreed purchase price therefor, but that defendant declined and refused to deliver the same or any part thereof, whereby plaintiff suffered damages in the sum of $720.

The pleadings need not be further noticed. The cause was tried before the court and a jury, resulting in a verdict in plaintiff's favor for $122.72; and the case is here upon defendant's appeal.

The transaction is one falling within section 2784, Revised Statutes 1909, which corresponds to the 17th section of the early English Statute (29 Car, II, c. 3), known as the Statute of Frauds, and which is as follows:

"No contract for the sale of goods, wares and merchandise for the price of thirty dollars or upward, shall be allowed to be good, unless the buyer shall accept part of the goods so sold, and actually receive the same, or give something in earnest to bind the bar-

gain, or in part payment, or unless some note or memorandum in writing be made of the bargain, and signed by the parties to be charged with such contract, or their agents lawfully authorized."

The case turns upon the sufficiency of the memorandum, above set out, to satisfy the statute, since it is conceded that the statute was not otherwise satisfied.

Several questions are raised as to the sufficiency of the memorandum. One of these is whether the printed name of defendant corporation, appearing at the top of the paper, is a sufficient signing to satisfy the statute. Another is whether the memorandum constitutes a sufficient description or identification of the subject-matter—the property alleged to have been sold; this involving questions relative to the admissibility of parol evidence in the premises.

These questions, however, we do not find it necessary to pass upon, and hence they will not be discussed; this for the reason that we are forced to the conclusion that the memorandum does not contain all of the terms of the contract sued upon, and for this reason is insufficient under the statute.

It will be seen from the petition that plaintiff has declared upon a contract whereby, it is said, plaintiff agreed to pay for and receive the eggs in question within two days after the making of the contract. It is true that it is averred that plaintiff so agreed, "after the making of said agreement" evidenced by the memorandum in writing; from which it appears that plaintiff declares not alone upon the original contract, evidenced by the memorandum, but upon this as modified by, or taken together with, a subsequent oral agreement. In point of fact the alleged subsequent oral agreement must, according to plaintiff's testimony, have been practically contemporaneous with the execution and delivery of the memorandum. From plaintiff's version of the matter it appears that the mem-

orandum was signed and delivered to him, without more, and that (evidently directly thereafter) as' he was leaving defendant's office he stated that he would see defendant's president within two days. Plaintiff's case, however, proceeds upon the theory that this alleged agreement as to time of payment and delivery was not a part and parcel of the contract evidenced by the memorandum, but was a subsequent oral agreement between the parties. But it seems quite clear that in any view of the matter the memorandum is insufficient to satisfy the statute, for that it does not contain all of the terms and stipulations of the contract sued upon and sought to be enforced.

The rule is well established that to satisfy the Statute of Frauds the memorandum must contain all of the material terms and conditions of the contract made. [See Ringer v. Holtzclaw, 112 Mo. 519, 20, S. W. 800; Reigart v. Coal & Coke Co., 217 Mo. 142, 117 S. W. 61; Rucker v. Harrington, 52 Mo. App. 481; Marshall v. Lynn, 6 M. & W. 109.]

The memorandum here in question does not upon its face stipulate for any time of delivery or of payment of the purchase price. If the time of delivery and payment were not in fact agreed upon, the memorandum would be construed as evidencing a contract for delivery and payment within a reasonable time, and would be sufficient, since such would be the legal effect of the contract made. But on the other hand the memorandum must contain all of the material terms of the contract; and if the contract provided for the time of delivery and payment, the memorandum must in some manner, contain such stipulations. [Smith v. Shell, 82 Mo. 215, 1. c. 218; Browne, Stat. of Frauds (5 Ed.), sec. 384, p. 518.]

But as we have said, plaintiff's case proceeds upon the theory of a subsequent oral agreement modifying the prior one evidenced by the memorandum. And it is urged that it is well established that a written con-

tract may be modified by a subsequent oral agreement
between the parties. As to this we may say that there
can be no doubt that a contract not required to be in
writing may be modified, varied or altogether annulled
by a subsequent oral agreement. While this is true as
to contracts not required by the Statute of Frauds to
be in writing, it is well settled, at least by the great
weight of authority, and certainly in this State, that a
contract which the Statute of Frauds requires to be in
writing may not be modified or varied by a subsequent
oral agreement. This question is thoroughly discussed
in Rucker v. Harrington, supra, in a well reasoned
opinion by ELLISON, J., where it is said (l. c. 494):

"It is true that at common law, while you could
not vary the terms of a written contract by prior or
contemporaneous agreements or stipulations, yet you
might do so, on sufficient consideration, by *subsequent*
oral agreement. But in such case the original agree-
ment, as has been already stated, need not have been
in writing; the rule is one of evidence, and there being
no inhibition against making the whole contract orally,
there can be no reason to prevent subsequent oral
change; but in a case under the statute an entire dif-
ferent phase is presented. It should be apparent that
if the original contract must be in writing, to be capable
of enforcement, any subsequent change therein must
likewise be in writing. It is difficult to find argument
to sustain this proposition, simply from the fact that
it is self-evident. It will not do to say that the stat-
ute only has reference to or prohibits an entire new
deal or change of contract, for we have already seen
that the entire contract, substantially as made, is with-
in the terms of the statute."

And this question has been directly passed upon
by the Supreme Court in Warren v. Mayer Mfg. Co.,
161 Mo. 113, 61 S. W. 644, in which the reasoning of
the learned author of the opinion in Rucker v. Har-
rington, supra, is unqualifiedly indorsed. [See, also,

Ives v. Kimlin, 140 Mo. App. l. c. 302, 303, 124 S. W. 23.]

It is quite clear that the contract sued upon and sought to be enforced was one partly in writing and partly oral. That the oral portion thereof was a subsequent agreement, supplemental to the original contract, if this be true, cannot help plaintiff. Plaintiff declared upon the "written" contract as modified by the alleged oral agreement. Under plaintiff's theory of the case this, as a matter of pleading, was proper. [See Koons v. St. Louis Car Co., 203 Mo. 227, 101 S. W. 49.] Nevertheless plaintiff cannot escape the effect of the well established rule requiring all of the essential terms and stipulations of the contract sued upon to be evidenced by the memorandum offered to satisfy the statute.

It follows that the objections interposed below to the admission of the memorandum in evidence should have been sustained; and that the court, as requested, should have peremptorily directed a verdict for the defendant. The judgment is therefore reversed. *Reynolds, P. J.*, and *Nortoni, J.*, concur.