Van Voorhis, J.
The appeal is from an order denying plaintiff’s motion for summary judgment establishing the liability of defendant for the relief demanded in the complaint, and for an assessment of damages by a referee.
The complaint alleges that four different contracts were entered into for the purchase by plaintiff from defendant of designated quantities of specified steel wire. The moving papers set forth copies of these written agreements which consist of written order forms signed by plaintiff and mailed to defendant. Each order purports to set forth all of the terms and conditions of the sale and contains an express provision that “No oral arrangement, waiver or modification of any terms of this contract shall be binding upon us unless confirmed in writing.” Receipt of each order was acknowledged separately by defendant by letter, these letters stating in identical phraseology: “ We hereby confirm acceptance, of said order which will have our prompt attention.”
Notwithstanding these documents setting forth in each instance a contract which is complete and unambiguous on its face, consisting of a firm offer by plaintiff unconditionally accepted in writing by defendant, Special Term has held that the affidavits present a triable issue of fact concerning whether the taking effect of these contracts was subject to an oral condition precedent, as stated in the answering affidavit, that ‘ ‘ the acceptance of an order [by defendant] would not be effective as to either plaintiff or defendant unless defendant actually obtained, the wire for delivery within a month ”.
This doctrine had its inception in giving effect to oral conditions attached to the delivery of an instrument, such as a promissory note (Smith v. Dotterweich, 200 N. Y. 299), where delivery of the instrument is necessary to complete the transaction. Subsequently, the rule has been extended to allow conditions orally expressed to suspend the taking effect of executory written contracts signed by both parties (Saltzman v. Barson, 239 N. Y. 332), but in that case the oral condition did not contradict the writing.
The rule is formulated thus in the Restatement of Contracts (§ 241): “ Where parties to a writing which purports to be *275 an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewth.’* (Italics suppilied.)
The following example is subjoined to section 241 in the Restatement to illustrate its effect: “ 1. A and B make and sign a writing in which A promises to sell and B promises to buy goods of a certain description at a stated price. The parties at the same time orally agree that the writing shall not take effect unless within ten days their local railroad has cars available for shipping the goods. The oral agreement is operative according to its terms. If, however, the writing provides ‘ delivery shall be made within thirty days ’ from the date of the writing, the oral agreement is inoperative.”
The text and the example cited are in point here, inasmuch as the provisions of the contracts between these parties respecting time of delivery contradict the asserted oral condition precedent to their taking effect. Thus, the contract dated March 7, 1946, states that the goods are “ Ready now,’/ which is inconsistent with the statement in the answering affidavit "that plaintiff was informed that defendant’s supplier “ was unable to give any definite assurances as to when the wire would become available ”, and that the contract would not be effective unless the material was obtained within one month. The same is true of the contract dated March 27, 1946, in which the time of delivery is specified as “ Prompt and it is also true of the contracts of April 2, 1946, and April 3, 1946, each of which provides that the time of delivery is to be- “ Within 4 to 6 weeks, if possible earlier ”.
Facing squarely the question whether the law of this State recognizes the exception in the rule as expressed by the American Law Institute, Special Term held that it does not and that an oral condition precedent is to be given effect although inconsistent with the written provisions. We believe that this would considerably impair the effectiveness of the parol evidence rule, which, like other rules of law, is occasionally unjust, but is nevertheless wise and beneficial in its general operation.
The exception in section 241 of the Restatement conforms to the decisions in New York (Banque Franco-Americaine v. Bergstrom, 171 App. Div. 870, affd. 225 N. Y. 710; Camp v. Horn, 208 App. Div. 122. Cf. Hendricks v. Clements, 195 App. Div. 144, 150; Lawes Coal Co., Inc., v. Englander, 179 Misc. 956 [App. Term 1st Dept. 1943]; City of New York v. Warner, 119 *276 Misc. 687 [App. Term 1st Dept. 1922]) as well as to those in numerous other jurisdictions (West Tennessee Grain Co. v. Shaffer & Co., 299 F. 197, 199; Pleasant v. Arizona Storage Co., 34 Ariz. 68; Fair Store No. 32 v. Hadley Milling Co., 148 Ark. 209; Hanrahan-Wilcox Corp. v. Jenison Machinery Co., 23 Cal. App. 2d, 642; Chicago Title & Trust Co. v. Cohen, 284 Ill. App. 181; Frischkorn Real Estate Co. v. Hoskins, 226 Mich. 30; Scullin Steel Co. v. Mississippi Valley Iron Co., 308 Mo. 453; Marshall Hall Grain Co. v. Boyce Mercantile Co., 203 Mo. App. 220; Denman v. Hall, 144 Tex. 633; Kelly Co. v. von Zakobiel, 168 Wis. 579). To the same effect are 3 Williston on Contracts [Eev. ed.], § 634, and 32 C. J. S., Evidence, § 935, p. 859).
Once the contract has become effective, an oral condition that delivery of the wire need not be made until the defendant succeeds in acquiring it becomes a condition subsequent which is unenforeible under the parol evidence rule (Jamestown Business College Assn. v. Allen, 172 N. Y. 291).
In Economy Co., Inc., v. Mucci (271 App. Div. 968) the judgment was affirmed on other grounds.
The orders appealed from should be reversed, with $20 costs and disbursement's to the appellant and summary judgment directed to be entered in favor of the plaintiff against the defendant for damages to be computed by a referee based upon the 153,500 pounds of wire admittedly undelivered under the contract set forth.in the first cause of action, and upon the undelivered wire called for by the contracts set forth in the third, fourth and fifth causes of action. This determination is without prejudice to an application for arbitration under article 84 of the Civil Practice Act in relation to the amount of the damages, or in relation to any other matters in dispute between the parties arising out of these contracts of sales except the existence and binding force. of the written contracts themselves, which has, been established as hereinbefore stated.